UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 26-CR-156

JOSHUA J. BECK,

Defendant.

# PLEA AGREEMENT

1. The United States of America, by its attorney Megan J. Thomas, Assistant United States Attorney for the Eastern District of Wisconsin, and the defendant, Joshua J. Beck, individually and by attorney Mark Kershek, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

## CHARGES

2. The defendant is charged in a three-count indictment, which alleges violations of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B).

3. The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and the charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to Counts One and Two of the indictment, which are set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. From on or about May 25, 2024, and until at least on or about July 6, 2025, in the State and Eastern District of Wisconsin and elsewhere,

**JOSHUA J. BECK**

knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a minor who had not attained the age of 12 years, using a means and facility of interstate and foreign commerce, that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, and which contained material that had been shipped and transported by a means and facility of interstate and foreign commerce, including by computer.

2. The child pornography distributed by the defendant included images identified by the file names listed below:

| Partial File Name | Description |
|---|---|
| 2d…55b | An image depicting a naked prepubescent child, who is approximately 5 to 7 years' old and who is standing in between the legs of a naked adult male sitting in a chair. The adult's arm is wrapped around the child's groin. |
| D8…0f7 | An image showing a naked prepubescent child, who is approximately 8 to 10 years' old and who is lying on the edge of a bed with his legs raised and extending backwards, exposing his genitals and anus. Standing on the edge of the bed is an adult male, displaying his erect penis, which is placed in close proximity to the child's anus. |

All in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about January 20, 2026, in the State and Eastern District of Wisconsin and elsewhere,

**JOSHUA J. BECK**

knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a minor who had not attained the age of 12 years, using a means and facility of interstate and foreign commerce, that had been mailed, shipped, and transported in and affecting interstate and foreign commerce and which contained material that had been shipped, and transported by a means and facility of interstate and foreign commerce, including by computer.

2. The child pornography received by the defendant included a video identified by the file name listed below:

| Partial File Name | Description |
|---|---|
| ...1-514...733 | A video depicting a toddler, who is approximately 1 to 3 years' old, being anally penetrated by a naked adult male's erect penis. |

All in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1)

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On April 2, 2026, the FBI received a lead from the Child Exploitation Operational Unit regarding an IP address's participation in certain Zoom conference calls in which participants collectively viewed and shared child pornography (hereinafter "CSAM," meaning child sexual abuse material). Investigators identified the defendant, Joshua J. Beck, through his IP address and confirmed that the corresponding service address was the defendant's residence located at XX04 East Sunset Dr. in Waukesha, Wisconsin. Through open-source research, the defendant was identified as a high school teacher in the School District of Cudahy in Cudahy, Wisconsin. On April 9, 2026, the FBI executed a search warrant on the defendant's residence where they seized the defendant's iPhone and Dell Laptop G7.

Analysis of the defendant's iPhone through the Cellebrite digital forensics program revealed multiple identifiers such as the email address "wireferee@hotmail.com" and usernames like "bttm4cock" and "methsub" / "methsub666." In an interview with investigators on April 9, 2026,, the defendant confirmed that he used these identifiers on various communication platforms. The defendant's iPhone also contained various group chats on platforms like Signal, Telegram, and Session. In these group chats, members shared CSAM, posted links to Zoom conferences, and discussed topics like satanism, methamphetamine use, and pedophilia. The analysis discovered that the iPhone contained approximately 62 CSAM images and 54 CSAM videos. One CSAM video depicted a naked infant female, approximately six to 18 months old, holding a green stuffed toy. Throughout the video, an adult hand manipulates and digitally penetrates the infant's vagina and anus. At one point in the video, the adult hand penetrates the infant's vagina and anus with a marker.

An analysis of the defendant's Dell Laptop G7 discovered approximately 25 CSAM images stored on the device. The CSAM images depicted the sexual abuse, exploitation, and molestation of infants, toddlers, and prepubescent males and females.

Furthermore, analysis of the defendant's iPhone revealed that on May 25, 2024, the user "methsub" electronically sent two CSAM images to another user in a Session chat. Both images are screenshots of a group teleconference with multiple users streaming live feeds from their personal electronic devices. The first image, labeled "image (5)," is split horizontally with the left side displaying an image of a pubescent male, approximately 12 to 14 years old, naked from the waist down, bending over and facing the camera. The right side of the image displayed a grid matrix of live feeds, including the user "methsub666." The second image, labeled "image (6)," is also split horizontally with the left side of the image showing an adult male sitting naked in a chair. Standing in between the adult male's legs is a naked prepubescent child, approximately five to seven years old, with the adult male's arm wrapped around his/her groin. The right side of the image displayed a grid matrix of live feeds, including the user "methsub666." This file was also described in Count One of the indictment.

Then, on July 6, 2025, the user "methsub" sent another screenshot from a teleconference to a different user via a Session chat. The left side of the image showed a naked prepubescent male, approximately eight to ten years old, lying naked on the edge of a bed with his legs raised and extended back toward his head, exposing his genitals and anus. Standing on the edge of the bed was a naked adult male with his erect penis placed in close proximity to the prepubescent male's

anus. The right side of the image displayed a grid matrix of live feeds, including "methsub666." This file was also described in Count One of the indictment.

Analysis of the defendant's iPhone further revealed that on January 20, 2026, the user "methsub" received a CSAM video from another user via a Telegram chat. This 14-second video is taken from the perspective of an adult male with the camera oriented downward showing the adult male anally penetrating an approximately one- to three-year-old human toddler. This file was also described in Count Two of the indictment.

On April 9, 2026, the defendant made a voluntary statement regarding CSAM, after waiving his *Miranda* rights and while in custody at the Waukesha Police Department. In his statement, the defendant confirmed that he understood what constitutes a CSAM image, what constitutes CSAM production, and that possessing CSAM is illegal. The defendant also admitted joining chat groups that were sharing CSAM.

The defendant's iPhone and Dell Laptop G7 that were used to distribute, receive, and possess CSAM were manufactured outside of the United States and thus travelled in interstate commerce.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offenses to which the defendant will enter a plea of guilty each carry the following penalties: a minimum mandatory sentence of 5 years' imprisonment and up to a maximum of 20 years' imprisonment; a minimum mandatory term of 5 years' supervised release and up to a maximum of life of supervised release; up to a $250,000 fine; and a mandatory special assessment in the amount set forth in Title18, United States Code, Sections 3013 and 3014. The parties further recognize that a restitution order may be entered by the court.

## DISMISSAL OF REMAINING COUNT OF INDICTMENT

7. The government agrees to dismiss Count Three of the indictment at the time of sentencing.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of distribution of child pornography as set forth in Count One of the indictment, the government must prove each of the following propositions beyond a reasonable doubt:

First: The defendant knowingly distributed the material identified in the Indictment; and

Second: The material identified in the Indictment is child pornography; and

Third: The defendant knew that one or more of the persons depicted in the Indictment was under the age of eighteen years; and

Fourth: The material identified in the Indictment was transported in interstate or foreign commerce by any means, including by computer.

The parties understand and agree that in order to sustain the charge of receipt of child pornography as set forth in Count Two of the indictment, the government must prove each of the following propositions beyond a reasonable doubt:

First: The defendant knowingly received the material identified in the Indictment; and

Second: The material identified in the Indictment is child pornography; and

Third: The defendant knew that one or more of the persons depicted in the Indictment was under the age of eighteen years; and

Fourth: The material identified in the Indictment was transported in interstate or foreign commerce by any means, including by computer.

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The defendant acknowledges and agrees that his attorney has discussed the potentially applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing, the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

13. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

**Base Offense Level**

15. The parties agree the government will recommend to the sentencing court that the applicable base offense level is 22 under Sentencing Guidelines Manual § 2G2.2(a)(2).

**Specific Offense Characteristics**

16. The parties understand that the government will recommend to the sentencing court that a two-level increase under Sentencing Guidelines Manual § 2G2.2(b)(2) is applicable to the offense level for both Counts One and Two because the offense involved a prepubescent minor.

17. The parties understand that the government will recommend to the sentencing court that a two-level increase under Sentencing Guidelines Manual § 2G2.2(b)(3)(F) is applicable to the offense level for Count Two because it involved knowingly engaging in the receipt of child pornography.

18. The parties understand that the government will recommend to the sentencing court that a two-level increase under Sentencing Guidelines Manual § 2G2.2(b)(3)(F) is applicable to the offense level for Count One because it involved knowingly engaging in the distribution of child pornography

19. The parties understand that the government will recommend to the sentencing court that a two-level increase under Sentencing Guidelines Manual § 2G2.2(b)(6) is applicable to the offense level for both Counts One and Two because it involved the use of a computer for the receipt and distribution of the material.

20. The parties understand that the government will recommend to the sentencing court that a four-level increase under Sentencing Guidelines Manual § 2G2.2(b)(4)(A) is applicable to the offense level for Count Two because it involved sadistic or masochistic conduct or other depictions of violence or involved sexual abuse or exploitation of an infant or toddler..

21. The parties understand that the government will recommend to the sentencing court that a five-level increase under Sentencing Guidelines Manual § 2G2.2(b)(5) is applicable to the offense level for both Counts One and Two because it involved the defendant engaging in a pattern of activity.

**Acceptance of Responsibility**

22. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), and to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b), but only if the defendant exhibits conduct consistent with those provisions. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of responsibility includes but is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offenses prior to sentencing.

**Sentencing Recommendations**

23. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

24. Both parties reserve the right to make any recommendation regarding any and all factors pertinent as they affect sentencing. Both parties reserve the right to argue the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; and any other matters not specifically addressed by this agreement.

25. The parties agree to jointly recommend a term of imprisonment of 84 months.

**Court's Determinations at Sentencing**

26. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

27. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

**FINANCIAL MATTERS**

28. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

29. The defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the

FLP during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLP and any documentation required by the form. The defendant further agrees, upon request of FLP whether made before or after sentencing, to promptly cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

**Special Assessment**

30. The defendant agrees to pay the special assessment in the amount of $200 or $10,000 if the court determines the defendant is non-indigent prior to or at the time of sentencing or upon further order of the court.

**Restitution**

31. Pursuant to Title 18 United States Code, Section 3663, the defendant agrees to the entry of a restitution order for the full amount of the victims' losses for victims of the conduct described in the charging instrument, statement of facts, and any relevant conduct, specifically including the minors identified as a victim by law enforcement. The defendant agrees that the minors are properly considered a "crime victim" under Title18, United States Code, Section 3771 and are therefore afforded all enumerated rights under that section. Further, pursuant to Title 18, United States Code, Section 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable ten days prior to sentencing.

32. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The

defendant understands the imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

## Forfeiture

33. The defendant agrees that all properties listed in the Indictment were used to facilitate the offense to which he is pleading guilty. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

## DEFENDANT'S WAIVER OF RIGHTS

34. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

a. If the defendant persisted in a plea of not guilty to the charge against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is

relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, the defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

35. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

36. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

37. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

38. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives

his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statute or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

**<u>Further Civil or Administrative Action</u>**

39. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

**<u>MISCELLANEOUS MATTERS</u>**

40. Pursuant to Title 18, United States Code, Section 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release that

the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, in violation of Title 18, United States Code, Section 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

41. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

42. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

43. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

44. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. Alternatively, the government may, in its discretion, ask the Court to be released from specific obligations under this plea agreement to reflect the defendant's conduct if the defendant commits a federal, state, or local offense punishable by a term of imprisonment exceeding one year or violates a material term of the plea agreement. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

45. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor

**agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.**

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 9/4/2026

JOSHUA J. BECK
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 9/15/26

MARK KERSHEK
Attorney for Defendant

For the United States of America:

Date: 9/15/26

MEGAN J. THOMAS
Assistant United States Attorney